[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13865
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cr-00081-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN C. SANDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 4, 2016)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Brian Sanders appeals his conviction for knowingly possessing a firearm and ammunition after having been convicted of a crime punishable by more than one year in prison, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  On appeal,

Sanders argues that the district court abused its discretion by allowing the government to introduce evidence that Sanders had threatened to shoot someone at a hair salon in the hours before he was arrested for possessing a firearm at a nearby car wash. After careful review, we affirm.

We review the district court's evidentiary rulings for abuse of discretion. United States v. Fortenberry, 971 F.2d 717, 721 (11th Cir. 1992). A district court abuses its discretion if it applies an incorrect legal standard, or makes a clearly erroneous finding of fact. United States v. Barner, 441 F.3d 1310, 1315 (11th Cir. 2006). The "abuse of discretion standard of review recognizes that for the matter in question there is a range of choice for the district court and so long as its decision does not amount to a clear error of judgment we will not reverse." United States v. Khan, 794 F.3d 1288, 1312-13 (11th Cir. 2015) (quotation omitted).

Pursuant to Rule 404 of the Federal Rules of Evidence, evidence of uncharged criminal conduct is generally inadmissible. Fortenberry, 971 F.2d at 721. The rule does allow for the introduction of extrinsic evidence of prior bad acts (including uncharged criminal conduct) if the evidence is offered for a purpose other than proving criminal propensity, pursuant to Fed. R. Evid. 404(b). United States v. Cohen, 888 F.2d 770, 776 (11th Cir. 1989). However, evidence of uncharged criminal conduct is intrinsic rather than extrinsic evidence, and thus not subject to the strictures of Rule 404(b), if the evidence is "linked in time and

2

circumstances with the charged crime and concerns the context, motive or setup of the crime; or forms an integral part of the crime; or is necessary to complete the story of the crime." United States v. US Infrastructure, Inc., 576 F.3d 1195, 1210 (11th Cir. 2009). This intrinsic evidence is still subject to analysis under Rule 403, which requires that it be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fortenberry, 971 F.2d at 721; Fed. R. Evid. 403.

In a criminal trial, "relevant evidence is inherently prejudicial; it is only when unfair prejudice substantially outweighs probative value that [Rule 403] permits exclusion." United States v. Edouard, 485 F.3d 1324, 1346 (11th Cir. 2007) (quotation omitted) (emphasis in original). District courts possess broad discretion to admit evidence

> if it has any tendency to prove or disprove a fact in issue. Conversely, . . . the court's discretion to exclude evidence under Rule 403 is narrowly circumscribed. Rule 403 is an extraordinary remedy, which should be used only sparingly since it permits the trial court to exclude concededly probative evidence. The balance under the Rule, therefore, should be struck in favor of admissibility.

United States v. Smith, 459 F.3d 1276, 1295 (11th Cir. 2006) (quotation and alterations omitted). Evidence of the uncharged criminal conduct may not be necessary to prove the charged offense, but there is no requirement that the government proffer only enough evidence to allow the jury to convict, and no more. Fortenberry, 971 F.2d at 722. Evidence of uncharged criminal conduct is admissible when it contributes to the understanding of the situation as a whole,

gives context to the discovery of evidence against the defendant, and is needed to put a cohesive sequence of the crime before the jury. See United States v. Wright, 392 F.3d 1269, 1276-77 (11th Cir. 2004).

In this case, Sanders challenges the introduction of evidence from Officer Samuel Holton, a Tallahassee police officer who had responded to a complaint of someone being threatened at a hair salon. Officer Holton testified that he had taken a description of the person accused of making the threats, and while he was writing his report, he heard a call that someone had a firearm at a car wash near the salon. Holton responded to this call and arrived at the car wash where he saw Sanders reach down and either place something or take something from underneath a car. After Sanders was arrested, Holton found a loaded pistol next to the rear panel of the car where Sanders had bent down.

On the record here, we cannot say that the district court abused its discretion in admitting evidence of the hair salon incident. First, the evidence was intrinsic, since the events at the salon were inextricably intertwined with the events at the car wash, and the evidence was necessary to complete the story of the crime for the jury. See Fortenberry, 971 F.2d at 721. The evidence also had significant probative value. Officer Holton's testimony regarding his investigation into the threats Sanders made at the hair salon helped create a clear narrative for the jury as to how and why the officer responded to the 911 call at the car wash. See Wright,

4

392 F.3d at 1276-77.  Holton's testimony about the events at the hair salon may not have been strictly necessary to the government's case, but it helped the jury understand the sequence of events that led to the discovery of the firearm, and to Sanders's arrest.  See id.  Moreover, Sanders was not arrested with the firearm in his actual possession.  Evidence that Sanders had threatened to shoot someone at a nearby location, just a few hours prior to the gun being discovered near Sanders at the car wash, made it more likely that the gun actually belonged to Sanders.  Further, any prejudice created by the introduction of the evidence of the hair salon incident was not "unfair prejudice," nor did it substantially outweigh its probative value, because the prejudice was linked to the government's ability to prove that Sanders was guilty of the charged conduct.

In short, the district court did not abuse its discretion by admitting evidence of the hair salon.  Nor, moreover, did it err by failing to give a limiting instruction.  "The failure to give a limiting instruction is error only when such an instruction is requested."  Smith, 459 F.3d at 1297 (quotation omitted).  Because Sanders never asked for a limiting instruction, the district court did not err by not providing one.

**AFFIRMED**.

5